UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD VILLANO,

                              Plaintiff,

      v.                                            1:10-cv-916

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

      Plaintiff was notified by Defendant that it overpaid him in the amount of $476.00. Specifically, Defendant claimed that "[w]e deposited PATRICIA VILLANO's benefits for March 2010 into a bank account which you also owned. We can't pay benefits for the month of death, March 2010, or later. Because you are a joint owner of the bank account, you are overpaid $476.00." The letter advised that "[w]e plan to recover this overpayment from the payment you would normally receive about July 14, 2010." The letter informed Plaintiff of his right to appeal the overpayment determination. Plaintiff commenced the instant action challenging the overpayment determination. Presently before the Court is Defendant's motion to dismiss on the ground that the Court lacks jurisdiction because Plaintiff failed to exhaust his administrative remedies. Plaintiff opposes the motion on the ground that: (1) Defendant's motion is untimely; and (2) he did file an appeal of the overpayment determination.

To be entitled to judicial review, a claimant must exhaust administrative remedies by obtaining a final decision from the Commissioner. 42 U.S.C. § 405(g); see Scott v. Commissioner of Soc. Sec., 2002 WL 31164581 (N.D.N.Y. 2002). Assuming Plaintiff filed an appeal in July 2010, see Pl's Opp. at ¶ 2,[1] that was at the same time he commenced the instant action on July 28, 2010. There is no indication in the record that the appeals process has been completed or that the Commissioner issued a final determination. To the contrary, the government submits evidence that Plaintiff never appealed the overpayment determination. Further, there is nothing in the record suggesting that the exhaustion requirement has been waived or that there are any other proper bases for excusing the failure to exhaust administrative remedies.

Because Plaintiff did not exhaust his administrative remedies before commencing this lawsuit, the Court lacks subject matter jurisdiction. See Louis v. Commissioner of Soc. Sec., 2010 WL 743939, at *3 (S.D.N.Y. 2010); Este-Green v. Astrue, 2009 WL 2473509, at *2 (N.D.N.Y. 2009).[2]

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and the Complaint is DISMISSED.

IT IS SO ORDERED.

Dated: January 3, 2011

---

[1] Plaintiff's opposition consists of a one page handwritten document that is not signed and not submitted in the form of an affidavit or affirmation.

[2] Because this is an issue concerning the Court's subject matter jurisdiction, the government's late filing of its motion to dismiss is excused.

/s/ Thomas J. McAvoy
Thomas J. McAvoy
Senior, U.S. District Judge